IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | * * * | CIVIL ACTION |
| VERSUS | * * | SECTION |
| STANLEY SMITH DRYWALL, INC., CAPSTONE BUILDING CORPORATION and UNIVERSITY FACILITIES, INC. | * * * * | MAGISTRATE |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes State Farm Fire and Casualty Company (herein "SFFCC"), a foreign insurance company duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois, with full reservation of any and all rights and or defenses, respectfully represents as follows:

### PARTIES

I.

Made defendants herein are:

**A. STANLEY SMITH DRYWALL, INC.** (hereinafter "SSDI"), an Alabama corporation having its principal business establishment, registered office, and being authorized to do and doing business in the Parish of East Baton Rouge, State of Louisiana. SSDI may be served with process by delivering the Summons and a copy of the complaint to its registered agent for service of process, UCS of Louisiana, Inc., 3867 Plaza Tower Dr., Baton Rouge, LA, 70816.

Doc. 1259231/01-Q258-650

B. **CAPSTONE BUILDING CORP. OF ALABAMA**, (hereinafter "CBC") an Alabama corporation having its principal business establishment, registered office, and being authorized to do and doing business in the Parish of East Baton Rouge, State of Louisiana. CBC may be served with process by delivering the Summons and a copy of the complaint to its registered agent for service of process, Corporation Service Company, 320 Somerulos St., Baton Rouge, LA, 70802-6129.

C. **UNIVERSITY FACILITIES, INC.**, (Hereinafter "UFI"), a non-profit corporation organized and existing under the laws of the State of Louisiana with its domicile in Tangipahoa Parish. UFI may be served with process by delivering the Summons and a copy fo the complaint to its registered agent for service of process, T. Jay Seale, III,200 North Cate St., Hammond, LA 70401.

## JURISDICTION AND VENUE

II.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) as both SSDI and CBC seek rights under an insuring agreement issued by SFFCC surrounding work done by both SSDI and CBC on a construction project for UFI in Hammond, Louisiana, on the campus of Southeastern Louisiana University.

III.

Jurisdiction is proper in this Court pursuant to 28 U.S. C. § 1332 and 28 U.S.C. § 2201. There is complete diversity between Plaintiff and Defendants. Further, the allegations for which SSDI and CBC are seeking insurance coverage under the policy provided to SSDI by SFFCC are alleged to greatly exceed the requisite jurisdictional amount of this Court as is evident from the Petition and the Demand for Arbitration. Finally, plaintiff did not, as required by *LA-C.C.P. art. 893*, make a general allegation that its claim was for less than the amount necessary to establish

Doc. 1259231/01-Q258-650

jurisdiction herein.

# FACTS

IV.

State Farm Fire and Casualty Company and SSDI entered into a Contractors Policy insuring agreement (Policy Number 93-GD-6081-1) effective March 31, 2005 and expiring March 31, 2006. *See* Exhibit A. The policy provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments. This insurance applies only:
>
> 1. to **bodily injury** or **property damage** caused by an **occurrence** which takes place in the **coverage territory** during the policy period;
>
> 2. to **personal injury** caused by an **occurrence** committed in the **coverage territory** during the policy period. The **occurrence** must arise out of the conduct of your business...

(Exhibit A, Section II, Coverage L – Business Liability Exclusions)

V.

The insuring agreement entered into between the parties contains certain enumerated exclusions to the Coverage agreement referenced in Paragraph IV. The policy provides:

> Under Coverage L, this insurance does not apply:
>
> 2. to **bodily injury** or **property damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
>   a. assumed in a contract or agreement that is an **insured contract**, provided the **bodily injury** or **property damage** occurs after the execution of the contract or agreement; or

Doc. 1259231/01-Q258-650

  b. that the insured would have in the absence of a contract or agreement;

    . . .

6. to any:

  a. **bodily injury, property damage, personal injury** or **advertising injury** arising out of the actual, alleged or threatened discharge, dispersal, spill, release or escape of **pollutants**;

    (3) which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for you or any person or organization for whom you may be legally responsible; or

    (4) at or from any site or location which you, an employee or any contractor or subcontractor working directly or indirectly on your behalf is performing operations:

     (a) if the **pollutants** are brought on or to the site or location in connection with such operations;

    . . .

11. To **property damage** to:

  e. That particular part or real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the **property damage** arises out of those operations; or

  f. That particular part of any property that must be restored, repaired, or replaced because **your work** was incorrectly performed on it. This part of the exclusion does not apply to **property damage** included in the **products-completed operations hazard.**

12. to **property damage** to **your product** arising out of it or any part of it;

13. to **property damage** to **your work** arising out of it or any part of it and included in the **products-completed operations hazard.**
This exclusion does not apply if the damaged work or the

work out of which the damage arises was performed on your behalf by a subcontractor;

14. to **property damage** to **impaired property**, or property that has not been physically injured, arising out of:

    a. a defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**; or

    b. a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **your product** or **your work** after it has been put to its intended use;

15. To damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    a. **your product**;

    b. **your work**; or

    c. **impaired property**;

    if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it;

(Exhibit A, Section II, Coverage L – Business Liability Exclusions)

VI.

Pursuant to the Fungus (Mold Included) Exclusion Endorsement, the following exclusion is added to the policy:

> In all policies, the following exclusion is added under BUSINESS LIABILITY EXCLUSIONS:
> to any:
>
>   a. **bodily injury, property damage, personal injury** or

Doc. 1259231/01-Q258-650

**advertising injury** arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any **fungus**;

(1) at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured; or

(2) at or from any premises, site or location on which any insured or any contractor or subcontractor working directly or indirectly on behalf of any insured is or was at any time performing operations;

b. Loss, cost or expense arising out of any;

(1) request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate or dispose of or in any way respond to or assess the effects of **fungus**; or

(2) claim or **suit** for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of **fungus**.

(Exhibit A - Policy Endorsement FE-6566)

VII.

The insuring agreement between the parties provides the following definitions:

This section contains the definitions of the words printed in bold face in Section II of this policy. It is an integral part of the policy. The definitions appearing below will be applies as if they were included each time the words they define are used in Section II of this policy.

When used in the provision applicable to Section II of this policy (including endorsements forming a part of this policy):

1. **advertising injury** means injury arising out of one or more of the following offenses:

   a. oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    b.   oral or written publication of material that violates a person's right of privacy;

    c.   misappropriation of advertising ideas or style of doing business; or

    d.   infringement of copyright, title or slogan;

...

3. **bodily injury** means **bodily injury**, sickness or disease sustained by a person, including death resulting from the **bodily injury**, sickness or disease at any time;

...

5. **impaired property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

    a.   it incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or

    b.   you have failed to fulfill the terms of a contract or agreement; provided the repair, replacement, adjustment or removal of **your product** or **your work** or your fulfilling the terms of the contract or agreement can restore the **impaired property** to use;

...

7. **Impaired property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

    a.   It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous

...

12    **occurrence** means:

    a.   an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage**; or

    b.   the commission of an offense, or a series of similar or related offenses, which results in **personal injury** or **advertising injury**.

For the purposes of this definition, **bodily injury** or **property**

**damage** resulting from the use of reasonable force to protect persons or property will be considered an accident;

13 **personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:

   a. false arrest, detention or imprisonment;

   b. malicious prosecution;

   c. wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;

   d. oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

   e. oral or written publication of material that violates a person's right of privacy;

. . .

14. **pollutants** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

15 **property damage** means:

   a. physical injury to or destruction of tangible property, including all resulting loss of use of that property. All such loss of use will be considered to occur at the time of the physical injury that caused it; or

   b. loss of use of tangible property that is not physically injured or destroyed, provides such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use will be considered to occur at the time of the **occurrence** that caused it;

(Exhibit A, Section II – Definitions)

> **Fungus** means any type or form of fungi, including mold or mildew, and any mycotoxins, spores, scents or byproducts produced or released by fungi.

(Exhibit A, Policy Endorsement FE-6566)

VIII.

On or about August 1, 2004, UFI and Capstone Development entered into a housing project agreement on Southeastern Louisiana University. In turn, Capstone Development through its related corporation, Capstone Building Corporation (CBC herein), retained the services of Stanley Smith Drywall, Inc. to perform undisclosed work at the facility believed to surround the installation of drywall. Work commenced in 2004, and based on the pleadings filed by UFI, defects were noticed after students were placed in the buildings for housing in 2005.

VIII

While litigation between UFI and Capstone Development, et al, was pending in the Eastern District of Louisiana, Civil Action No. 09-4178, the parties entered into arbitration, AAA Case No. 69 110 Y 00578 09, and the litigation was stayed pursuant to the Order of Judge Sarah Vance on March 16, 2010.

IX.

SSDI and CBC have made demand upon SFFCC for coverage provided under its policy issued to SSDI, as well as demanding legal defense and costs incurred in defending the allegations of the demand for arbitration filed by University Facilities, Inc. Admittedly not a Named Insured, CBC alleges to be an additional insured under the policy.

X.

Pursuant to the clear and unambiguous terms of the insuring agreement entered into between SSDI and SFFCC, SFFCC takes the following positions: the allegations complained of in the Petition and the Demand for Arbitration are breach of contract claims; the allegations and

Doc. 1259231/01-Q258-650

claims do not in any way constitute an occurrence; the damages sought are not covered by the insuring agreement; there is no duty to defend or indemnify that arises from the allegations of the Demand for Arbitration; and the claims are otherwise not covered by or are specifically excluded under the insuring agreement.

## COUNTS OF REQUESTED DECLARATORY RELIEF

XI.

Pursuant to 28 U.S.C. §§ 2201, this Court may declare the rights and other legal relations between SFFCC and SSDI and/or CBC whether or not further relief is or could be sought. Plaintiff respectfully requests this Court to declare the rights and other legal relations of the parties regarding the following issues:

XII.

SFFCC and SSDI entered into a knowing and binding contract of insurance which is controlled by the written policy of insurance.

XIII.

The policy issued by SFFCC in favor of SSDI contains clear and unambiguous terms, conditions, exclusions and limitations relating to the coverages provided.

XIV.

The policy of insurance issued by SFFCC provides no coverage to SSDI and/or CBC for the allegations made by University Facilities, Inc. in the Petition or the Demand for Arbitration. Moreover, CBC is not an additional insured under the insuring agreement.

XV.

There is no duty to defend or indemnify owed by SFFCC in favor of SSDI or CBC that arises from the Petition or the Demand for Arbitration filed by University Facilities, Inc.

XVI.

Pursuant to Rule 57 of the Federal Rules of Procedure, the Court may order an expedited hearing of a declaratory judgment action. Further, the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.

**WHEREFORE**, State Farm Fire and Casualty Company submits that it is entitled to a declaratory judgment in its favor, decreeing that:

1) State Farm Fire and Casualty Company has no obligations to insure Stanley Smith Drywall, Inc. with respect to the claims brought in the Demand for Arbitration by University Facilities, Inc., AAA Case No. 69 110 Y 00578 09, under State Farm Fire and Casualty Company Policy number 93-GD-6081-1.

2) State Farm Fire and Casualty Company has no obligations to insure Capstone Building Corporation with respect to the claims brought in either the Petition filed in Case No. 2009-001783, Div. "D", originally filed in the 21st Judicial District Court, Tangipahoa Parish, State of Louisiana and since removed to the United States District Court, Eastern District of Louisiana, Case No. 09-4178, or the Demand for Arbitration by University Facilities, Inc., AAA Case No. 69 110 Y 00578 09, under State Farm Fire and Casualty Company Policy number 93-GD-6081-1.

3) State Farm Fire and Casualty Company has no duty to defend or indemnify any party against the allegations of the Petition or the Demand for Arbitration as they do not constitute an occurrence or injury for which coverage is afforded under the policy, or due to the fact that numerous exclusions from coverage are applicable to the allegations made therein.

Doc. 1259231/01-Q258-650

4) For all legal and equitable relief as this Honorable Court shall be necessary and proper.

Respectfully submitted:

**BLUE WILLIAMS, L.L.P.**

/s/ Thomas G. Buck

| | |
|---|---|
| THOMAS G. BUCK   T.A. | Bar No. 14107 |
| tbuck@bluewilliams.com | |
| JOHN C. HENRY | Bar No. 18948 |
| jhenry@bluewilliams.com | |
| BRETT W. TWEEDEL | Bar No. 30100 |
| btweedel@bluewilliams.com | |
| DAVID B. PARNELL, JR. | Bar No. 27031 |
| dparnell@bluewilliams.com | |

3421 North Causeway Boulevard, Suite 900
Metairie, LA  70002
Telephone (504) 831-4091
Facsimile (504) 837-1182
Attorneys for:  State Farm Fire and Casualty Company

## CERTIFICATE OF SERVICE

I do hereby certify that I have on July 26, 2010, electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following.

(O) 985-542-8500 (F) 985-542-4111
seale@sealeross.com
Mr. T. Jay Seale, III
Seale & Ross, APLC (Hammond)
200 N. Cate Street
Post Office Drawer 699
Hammond, LA 70404

(O) 581-5141
rkerrigan@dkslaw.com
Mr. Robert E. Kerrigan, Jr.
Mr. Jimmy A. Castex
Mr. Scott Hedlund
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, LA 70130

(O) 524-2823
mduran@oatshudson.com
Mr. Michael M. Duran, Sr.
Oats & Hudson
530 Natchez Street, Suite 200
New Orleans, LA  70130

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM.ECF participants.

/s/ Thomas G. Buck
_____

Doc. 1259231/01-Q258-650